**UNITED STATES of America**
v.
**Tyrone GASKINS, Appellant.**
No. 72–1833.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 5, 1973.

---

Harold H. Titus, Jr., U. S. Atty., John A. Terry and Joseph E. DiGenova, Asst. U. S. Attys., were on the motion for appellee.

Craig Mathews and J. Drake Turrentine, Washington, D. C., were on the motion for appellant.

Before WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM.

■ Appellant was convicted of the felony of first degree burglary.[1] He assigns as one ground of error the District Court's refusal to accept appellant's tendered plea of guilty to the lesser-included offense of unlawful entry,[2] a misdemeanor, even though the prosecutor agreed to accept such a disposition, and vigorously urged the acceptance of the bargained plea upon the court. The Government, conceding merit in this claim, has moved to the District Court to accept the lesser plea. We are not bound by this concession, but after examination of the record we conclude that there was indeed error as claimed.

At a hearing held March 13, 1972, appellant admitted entering, without per-

mission, the home of Mr. and Mrs. Willard J. Blackwell, Sr. where he was apprehended by the Blackwells' son, an officer of the Metropolitan Police Department, who was off duty at the time.[3] When asked by the court to describe further what had happened on the evening in question, appellant related that he had entered the house against his will when a "dude pointed a gun at me and told me to go in the house."[4] The court then stated, "I can't take the plea." Both defense counsel and prosecutor urged that in the face of the strong proffered evidence,[5] the District Court could accept the tendered plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), even though appellant maintained his innocence. The court maintained that as long as the appellant equivocated about his guilt, he should go to trial, gaining acquittal if he were believed and taking the chance of a felony conviction.[6] Immediately prior to trial, on April 11, 1972, appellant once more attempted to plead *guilty to the lesser-included misdemeanor* of unlawful entry. Again, the District Court refused to accept the plea, stating: "I am not going to accept the plea unless the defendant admits that he committed the crime."

The District Court's only reason for not accepting the plea was appellant's refusal to state an unequivocal confes-

1. 22 D.C.Code § 1801(a).

2. 22 D.C.Code § 3102.

3. The officer did not live in his parents' home, but came to the house when alerted by a visitor that the glass in the front door had been broken.

4. Appellant stated that two persons approached him while he and a friend were walking in the alley behind the Blackwells' home. His friend ran away, but one of the two persons pointed a gun at him and ordered him into the house.

5. The prosecutor stated that its evidence at trial would show that appellant started to run after being found in the house by Officer Blackwell. Although appellant knew that Blackwell was a police officer, he didn't immediately tell him that there were two persons outside who had forced him in

at gunpoint. The back door had been kicked in and the glass broken out of the door.

Appellant was unable to supply defense counsel with any information about the two persons who ordered him into the house. Both defense counsel and the prosecutor tried to impress upon the court that without *any information about the two persons* the jury was unlikely to believe appellant's version.

6. Motion for Bail Review Transcript at 8–9: "I don't want to take a plea of guilty under these circumstances. If he is going to equivocate like that and say he was forced to go into the home, let him have a trial. If the jury believes him, he will be acquitted. If the jury doesn't believe him, he will probably be convicted of a felony. That is right. He can take that chance."

sion of guilt. In North Carolina v. Alford, *supra,* the Supreme Court held that a plea of guilty to second degree murder was constitutionally valid even though the defendant maintained his innocence, as long as there was strong evidence of guilt before the trial court, and the plea represented "a voluntary and intelligent choice among the alternative courses of action open to the defendant." 400 U.S. at 31, 91 S.Ct. at 164. The Court recognized that in some cases the Government's evidence against a defendant might be so strong that he "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

■ Although *Alford* squarely accepted the joinder of a guilty plea with refusal to admit guilt, at least as to any constitutional bar to such joinder, the Court also recognized that a defendant "does not have an absolute right under the Constitution to have his guilty plea accepted by the court . . ." *Id.* at 38 n. 11, 91 S.Ct. at 168.[7] The Court noted that Rule 11 of the Federal Rules of Criminal Procedure provides that the trial court "may refuse to accept a plea of guilty,"[8] but added that "[w]e need not now delineate the scope of that discretion." *Id.* Although Rule 11 invests the District Court with discretion to refuse a guilty plea it is an abuse of discretion to refuse a guilty plea solely because the defendant does not admit the alleged facts of the crime.

In McCoy v. United States, 124 U.S. App.D.C. 177, 178, 363 F.2d 306, 307 (1966) this Court acknowledged that a literal reading of Rule 11's language "resposes a discretion" in the court to refuse a guilty plea, but added, "the plea should not be refused without good reason." The Court recognized that "guilt . . . is at times uncertain and elusive" and emphasized that "the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried." 124 U.S.App.D.C. at 179, 363 F. 2d at 308.

In Griffin v. United States, 132 U.S. App.D.C. 108, 405 F.2d 1378 (1968), we held that the trial court erred in refusing to accept a bargained plea to manslaughter on a second degree murder indictment where the plea was refused because interrogation of the defendant by the court exposed inconsistences in his prior account which raised the possibility of a self-defense claim. The discretion afforded by Rule 11 was noted, but the Court then added:

> Appellant's inconsistencies did not afford good ground for refusing the plea. The discretion is to be exercised in relation to the problem as it is presented, which is usually, as it was here, a composite of factors. One is the desirability of encouraging guilty pleas where the prosecution, as in this case, was satisfied that because of doubt as to just what occurred or for other reasons it need not seek a verdict for the most severe offense charged. As we said in McCoy v. United States, *supra,* a guilty plea should not be refused without good reason even though it be to a lesser included offense.

*Id.* at 110, 405 F.2d at 1380.[9]

7. See Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (dictum).

8. Rule 11 provides in its entirety:
   A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

9. *Cf.* United States v. Bednarski, 445 F.2d 364 (1st Cir. 1971).

The Supreme Court has recently reiterated what is universally acknowledged: "The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice." Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). When the trial judge is presented with a "factual basis for the plea",[10] as there surely was in this case where there was strong factual evidence implicating defendant, an intelligent and voluntary counselled plea should not be refused simply because the defendant who is willing to enter a plea of guilty is unable or unwilling to testify to his guilt in factual terms. The entry of such a plea of guilty in such a situation is not contrary to the interests of justice. Rule 11 was intended for the protection of the defendant, and does not require a denial to the defendant of the opportunity to act in his own best interest, as advised by his trial counsel. When a defendant seeks to plead guilty while protesting his innocence, the trial judge is confronted with a danger signal. It puts him on guard to be extremely careful that his duties under Rule 11 are fully discharged. It highlights the importance of his obligation under Rule 11 to assure that there is indeed a factual basis for the plea and that the defendant is clearly advised not only of the penalties to which he is exposed but of the fact that his plea waives any defenses to the charge. But after fully satisfying himself of the factual basis for the plea, and that the presentation of pertinent facts discloses no plain legal defense, the trial judge errs in insisting on trial merely because the defendant refuses to accompany his plea to lesser charges with an admission of the guilt indicated by the other evidence presented to the court.

Appellant's conviction is reversed, and appellee's motion to remand is granted with instructions to accept a plea of guilty to the charge of unlawful entry.

So ordered.