**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie Lee DAVIS, a/k/a Big Daddy,**
**Defendant-Appellant.**

**No. 74–1902.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1975.

Decided May 15, 1975.

Allan A. Ackerman, Tyce S. Smith, Chicago, Ill., for defendant-appellant.

William J. Mulligan, U. S. Atty., David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and STEVENS and TONE, Circuit Judges.

TONE, Circuit Judge.

In this appeal from a judgment of conviction upon a plea of guilty, the defendant contends that there was no factual basis for his plea, as required by Rule 11, Fed.R.Crim.P., because he denied his guilt while persisting in his guilty plea. We affirm the judgment.

On the day trial was scheduled to begin on an indictment charging defendant Eddie Lee Davis with conspiracy to violate and a substantive violation of the Mann Act (18 U.S.C. § 2421), he appeared with his retained counsel and sought to withdraw his previously entered plea of not guilty and to enter a plea of guilty. The same counsel had represented Davis about four months earlier in a trial before a jury on another indictment under the Mann Act in which he and another defendant were found guilty, each receiving two consecutive four-year sentences of imprisonment.[1] Davis and his counsel had been well acquainted, according to counsel's statement at the hearing on change of plea, for more than ten years.

At the hearing on the change of plea, counsel for the government stated that a plea agreement had been entered into under which Davis would enter a plea of guilty to the first count of the indictment; the second count would be dismissed on the government's motion upon sentencing; the government would stand mute on the question of whether the sentence imposed should be consecutive to the sentence imposed in the earlier case; Davis would not be called on behalf of the government as a witness in the trial which was scheduled to start later that morning against the remaining defendant;[2] the government would present those matters it felt appropriate to the Probation Department for inclusion in a presentence investigation report, if one was to be prepared; and Davis would surrender himself to begin serving his sentence on January 2, 1975. Davis's counsel acknowledged that the plea bargain was as stated by counsel for the government. The court then proceeded to conduct the hearing required by Rule 11, Fed.R.Crim.P.

When the court asked Davis whether he was guilty, he responded in substance that he had been found guilty in the earlier case, although he did not feel he was guilty, and he thought that he would be found guilty in the instant case. Davis's counsel then stated that he thought Davis was entitled to have the benefit of his plea bargain under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Thereupon, in response to a request by the court, counsel for the government presented a detailed summary of the evidence that would be presented if the case were tried. The court then asked Davis whether he agreed with the substance of what the government had said. The gist of the ensuing lengthy colloquy, which was interrupted by two recesses, is as follows:

Davis said repeatedly that he believed the government witnesses would testify as government counsel represented but

---

1. Appeals from the judgments of conviction in that case were orally argued before us at the same time oral argument in this case was heard, and those judgments have been affirmed by order. United States v. Davis, et al., 513 F.2d 636.

2. The record indicates that three persons were indicted in the four-count indictment. The morning the trial was set to commence, however, a second defendant, as well as Davis, entered a guilty plea.

they would be lying when they did so. When the court and counsel for the government expressed doubts about whether it was proper to accept a guilty plea under these circumstances, Davis's counsel argued persistently and vigorously that under *North Carolina* v. *Alford, supra,* Davis was entitled to the benefit of his plea bargain. At length the court declined to accept the plea and the hearing was suspended, apparently with the expectation that Davis would begin the trial before another judge that same morning.

Later that morning the hearing was reconvened at the request of Davis's counsel, who said that in a further conversation after the earlier session his client had indicated "that he may have overstated somewhat his disagreement with the Government's evidence," and had said there were three specific areas of disagreement: first, that he himself did not travel with one Carolyn Wunderlich when she was allegedly transported across a state line; second, that the anticipated testimony of one witness that her average daily income from prostitution was about $70, most of which she gave to the defendant, would be incorrect because $70 was not an accurate figure; and third, that in Davis's opinion "there was no overt concerted discussion which resulted in an agreement among the parties." In response to an inquiry by the court, Davis acknowledged that his counsel's statement was correct. Counsel for the government then read the indictment and asked Davis's counsel what portion, if any, his client objected to. The following then ensued:

"Mr. Schwartz [Davis's counsel]: There is no objection from the client with reference to these conclusions.

. . .

"As a legal conclusion, he has no objection to that. That Carolyn Wunderlich travelled to Joliet and that she worked as a prostitute there, and that you had some things to do or that somebody within the group of people had something to do with that travel. Is that right?

"Mr. Davis: Yeah.

"The Court: Well, Mr. Davis, you heard this.

"Mr. Davis: Yes, sir.

"The Court: Essentially it is being alleged that you and some other people by working together, and that is what the Government would call a conspiracy, working together, even though you didn't actually sit around the table and say this is what we are going to do, that by working together you did transport women to Joliet for purposes of prostitution.

"Mr. Schwartz: Not that you physically carried her, but it was arranged by someone within that group.

"Mr. Davis: Yeah. I knew about it. But I didn't drive them.

"The Court: And is that your difference of opinion, because you feel that since you didn't personally drive them there that you weren't responsible?

"Mr. Davis: Yeah."

The court then accepted the plea of guilty because of "the testimony of Mr. Davis now in open Court on the record and the prior answers to questions which the Court presented to him." Judgment was entered on the plea, and the court proceeded to impose a five-year sentence, which, although the record is unclear on the point, the parties agree is to run concurrently with the sentences imposed in the earlier case.

■ In this direct appeal from the judgment and sentence, Davis, represented by different counsel, challenges the basis for the plea. His first contention is that although he was adequately advised of the consequences of his plea at the first session on the morning the motion for change of plea was heard, the court's failure to repeat that advice when the hearing was reconvened later that same morning was error requiring reversal. This contention is frivolous. Rule 11 did not require the repetition of information which the defendant had heard and acknowledged he understood in the earlier session the same morning.

Davis's principal contention is that a factual basis for the plea was lacking. The district judge apparently believed that it would be improper to accept the guilty plea unless the defendant acknowledged his guilt, for, until Davis acknowledged the truth of all except three details of the charge, the judge declined to accept the plea. Presumably because he believed these three details to be immaterial, the judge accepted the plea.

If an acknowledgment of all the elements of the crime were necessary to meet Rule 11's requirement of a factual basis for the plea, there might be room for argument about the sufficiency of that basis in this case. At the final session, Davis was said by his counsel to be denying any "overt concerted discussion which resulted in an agreement among the parties." Arguably, in the later colloquy, in which Davis himself joined, it is not quite clear that his cryptic acknowledgments related to whether he knowingly participated in causing the transportation for purposes of prostitution.

An acknowledgment of the truth of all the facts essential to guilt was not, however, necessary to satisfy the factual-basis requirement of Rule 11. The record shows that the evidence the government would be able to adduce was sufficient and that the defendant had full knowledge of that evidence, of the charge to which he proposed to plead, and of the consequences of his plea. It also shows that the defendant, although, initially at least, denying his guilt, wanted to plead guilty because he preferred the plea bargain made with the prosecutor to a trial, which he believed would result in a conviction that would not be subject to the plea bargain. He had made that decision in consultation with his retained counsel, who had represented the defendant for many months in this and an earlier case, and who vigorously asserted before the court that the defendant was entitled to the benefit of his plea agreement under *North Carolina* v. *Alford, supra.* Under these circumstances the District Court should have accepted the guilty plea even without the defendant's acknowledgments made at the renewed hearing.

*North Carolina* v. *Alford, supra,* held that there was no constitutional barrier to accepting a guilty plea under circumstances comparable to those at bar. That case, a habeas corpus proceeding in which the Court ruled upon the constitutional sufficiency of a state conviction based upon a guilty plea, did not, of course, construe Rule 11, which the Court merely mentioned in footnotes. (400 U.S. at 38 nn. 10, 11, 91 S.Ct. 160.) Rule 11 was applied in United States v. Gaskins, 158 U.S.App.D.C. 267, 485 F.2d 1046 (1973), in which the court (Judges Wright and Leventhal) held in a *per curiam* opinion that it was an abuse of discretion to refuse to accept a guilty plea from a defendant who protested his innocence, where "there was strong factual evidence implicating defendant," and "an intelligent and voluntary counselled plea." (*Id.* at 1049.) The rule's requirement of a factual basis for the plea was held satisfied by the prosecutor's statement of the evidence that would be introduced by the government at the trial. (*Id.* at 1047 n. 5 and 1049.) Rule 11 was also applied in United States v. Jerry, 487 F.2d 600, 608–610 (3rd Cir. 1972), in which the court affirmed the acceptance of a guilty plea despite the defendant's protestations of innocence, relying on North Carolina v. Alford, which was construed as holding that "a defendant's protestations of innocence are not inconsistent with a voluntary, knowing, and understanding guilty plea, and the court may properly accept such plea where it is supported by a strong factual basis in the record." (*Id.* at 610.)

It is true that in the case at bar the defendant stated that the prosecution witnesses were lying and were testifying against him to secure immunity from prosecution. But whenever a defendant denies his guilt in a case in which the evidence is not wholly circum-

stantial[3] or the possibility of mere mistake can be ruled out, the assertion that the prosecution witnesses are lying is implicit. Such an assertion was implicit in *Alford*. And it can be fairly assumed in such a case that the defendant's position, even though not spelled out in detail, is that their motive for lying is reprehensible. We therefore think that the defendant's denunciation of the prosecution witnesses and the prosecution did not foreclose the acceptance of the guilty plea.

Of course, "[w]hen a defendant seeks to plead guilty while protesting his innocence, the trial judge is confronted with a danger signal," and he must be especially careful in discharging his duties under Rule 11. United States v. Gaskins, *supra*, 485 F.2d at 1049. The requirement that there be a factual basis for the plea is satisfied, however, despite the defendant's denial of guilt, if the judge determines from the prosecutor's recital of the evidence the government will offer that proof of guilt is strong.

■ We do not say that it will always be an abuse of discretion to refuse to accept a guilty plea when the defendant denies his guilt, even though a factual basis for the plea is established and the requirements of Rule 11 have otherwise been satisfied. Cf. North Carolina v. Alford, *supra*, 400 U.S. at 38 n. 11, 91 S.Ct. 160. There may be circumstances we cannot now foresee that will present adequate reasons for the judge to conclude that acceptance of the plea is not in the interest of justice in that case. If this occurs, he should refuse to accept the plea, stating his reasons in full, so his exercise of discretion may be intelligently reviewed. But ordinarily when there is strong evidence of guilt and the defendant, with an understanding of the charge and the consequences of his plea and with the advice of competent counsel, wants to plead guilty although he will not admit the facts that show his guilt, he is entitled to plead guilty. When the trial judge accepts the plea

under these circumstances, Rule 11 is satisfied and the judgment of guilty entered upon the plea is valid.

Affirmed.

---

**3.** As it appears to have been in United States v. Gaskins, *supra*, 485 F.2d at 1047 n. 5.