Albert WINSTON, Petitioner,

v.

UNITED STATES of America, Respondent.

UNITED STATES of America, Plaintiff,

v.

Albert WINSTON, Defendant.

Nos. 77 C 1695, 75 CR 452.

United States District Court, N. D. Illinois, E. D.

Aug. 22, 1977.

Albert Winston, pro se.

Thomas K. McQueen, Asst. U. S. Atty., Chicago, Ill., for respondent.

MEMORANDUM OPINION

FLAUM, District Judge.

Presently before the court are the Fed.R. Crim.P. 32(d) motion and the 28 U.S.C. § 2255 habeas corpus petition[1] of Albert Winston in which the defendant/petitioner (hereinafter referred to as petitioner) seeks to vacate a guilty plea offered by him on March 22, 1976 to the charge of uttering and publishing a $10,453.20 United States Treasury check bearing a false and forged endorsement in violation of 18 U.S.C. § 495. Although petitioner raises many arguments in support of his motion and petition that his guilty plea is invalid, this court is of the opinion that petitioner's section 2255 petition must be granted on the ground that the taking of his plea did not fully comply with the requirements of Fed.R.Crim.P. 11(f).[2]

Rule 11(f) provides that:

1. As Professor Moore points out, a rule 32(d) and section 2255 petition seeking to vacate a plea of guilty are substantially similar in scope and procedures. 8A J. Moore, Federal Practice ¶ 32.07[4], at 32–108 to 32–111 (1976). Therefore, this court by previous order has consolidated these matters for disposition.

2. Because of this court's holding that Mr. Winston's petition is to be granted on rule 11(f) grounds this court need not consider the other matters raised by petitioner.

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is *a factual basis for the plea.*

Fed.R.Crim.P. 11(f) (emphasis supplied). In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that the trial court's failure to comply with rule 11's requirement that a factual basis for the plea of guilty affirmatively appear in the record of the taking of the guilty plea mandated the vacating of the plea. *Id.* at 472, 89 S.Ct. 1166. As the court stated:

> . . . Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

*Id.* at 467, 89 S.Ct. at 1171 (footnotes omitted).

In the case at bar, it is clear that there was a failure to obtain a factual basis for the guilty plea offered by petitioner. The transcript of the plea provides as follows:

THE CLERK: 75 CR 452, *United States vs. Albert Winston* for trial.

MR. MC QUEEN: Good morning, your Honor. Thomas McQueen on behalf of the United States.

THE COURT: Good morning, Mr. McQueen.

MR. SHER: Good morning, your Honor. Michael Sher for Mr. Winston.

THE COURT: Yes.

MR. SHER: Your Honor, at this time, *while Mr. Winston has at no time indicated in any way his guilt in this matter to me, he wishes to change his plea from not guilty to guilty.*

THE COURT: Very well. Before I accept that, let me have a copy of the indictment please.

I think I left mine on my desk.

You are Albert Winston?

THE DEFENDANT: Yes, your Honor.

THE COURT: How old a man are you, Mr. Winston?

THE DEFENDANT: Forty-two.

THE COURT: You have been advised by your counsel, Mr. Sher, and the court does now advise you that you are entitled to a trial by a jury in this court. Do you know and understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Do you waive that right?

THE DEFENDANT: Yes, I do.

THE COURT: Now your counsel has advised you and the court does now advise you that in the absence of a trial by jury you would be entitled to a trial by the court, that is, by me in this instance. Do you know and understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Do you waive that right?

THE DEFENDANT: Yes, I do.

THE COURT: Has anybody threatened you in order to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made any promises to you as to what my sentence might be in this case?

THE DEFENDANT: I don't think anyone knows.

THE COURT: Sir?

THE DEFENDANT: No.

MR. SHER: He said he doesn't think that anyone knows what your sentence would be in this case, your Honor.

THE COURT: All right.

What is the maximum, Mr. McQueen?

MR. MC QUEEN: Ten years, your Honor, and a fine of $5,000.

THE COURT: You have heard the district attorney advise the court that it is possible for me on a maximum to sentence you to ten years in prison and to fine you $5,000 or both. Do you understand that, Mr. Winston?

THE DEFENDANT: Yes.

MR. MC QUEEN: Pardon me, your Honor. I made an error. The fine is $1,000.

THE COURT: Ten years or $1,000, Mr. Winston. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: And in the light of that you still offer your plea of guilty to me?

THE DEFENDANT: Yes, I do.

THE COURT: Let me read the indictment to you and I want you to pay attention to what it says.

The July 1975 Grand Jury charges that on or about June 27, 1974 at Chicago, in the Northern District of Illinois, Eastern Division, that you, Albert Winston, defendant herein, with intent to defraud the United States, did utter and publish and cause to be uttered and published as true to the Beverly Bank, Chicago, Illinois certain writing with a false and forged endorsement on the back thereof, to wit: United States Treasury Check No. 5,707,735, over Symbol 3071, dated May 14, 1974, made payable to Cheryl, that's C-h-e-r-y-l, L. Wallace, of 7576 Fernwood, Ann Arbor, Michigan 48104, in the amount of $10,435.20, knowing said endorsement to be false and forged in violation of Title 18, United States Code, Section 495.

*How do you plead to that count, Mr. Winston?*

THE DEFENDANT: Guilty.

THE COURT: *You do so offer your plea of guilty because you are guilty and you do so of your own will and accord, do you?*

THE DEFENDANT: *Yes, sir.*

THE COURT: Is there anything you want to add, Mr. McQueen?

MR. MC QUEEN: Yes, your Honor. I would like to have the court ask the defendant if he understands that among his rights are the right to confront the witnesses against him, witnesses which would have to be put on by the government, and he is also waiving his right to have the government prove this case against him beyond a reasonable doubt.

THE COURT: You have heard the district attorney advise the court. Do you know and understand that, Mr. Winston?

THE DEFENDANT: Yes, I do.

THE COURT: And you waive that right, do you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you ever been the user of any narcotic drug?

THE DEFENDANT: No.

THE COURT: And you are not now under the influence of any?

Very well. I will accept the plea (Emphasis supplied).

■ Two facts are of particular importance. First, it should be noted that at the outset of the taking of petitioner's plea his attorney stated that petitioner had not "indicated in any way his guilt in this matter to me." Thus, petitioner apparently was pleading guilty to the charge while at the same time protesting his innocence. And, while this court recognizes that admissions of guilt are *not* required prior to the entry of a valid guilty plea, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), it is also well settled that such a guilty plea, accompanied by an affirmation of innocence, particularly requires that a factual basis for the plea indicating the defendant's guilt appears in the record. *Id.* at 37; *United States v. Neel,* 547 F.2d 95, 96 (9th Cir. 1976); *United States v. Davis,* 516 F.2d 574, 577–78 (7th Cir. 1975). *Cf. Kloner v. United States,* 535 F.2d 730, 734 (2d Cir. 1976), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312. Moreover, the Seventh Circuit has expressly stated that:

Of course, "[w]hen a defendant seeks to plead guilty while protesting his inno-

cence the trial judge is confronted with a danger signal," and he must be especially careful in discharging his duties under Rule 11.

*United States v. Davis, supra* at 578, quoting *United States v. Gaskins,* 158 U.S.App. D.C. 267, 485 F.2d 1046, 1049 (1973).

Second, in the case at bar, only the indictment was read to the petitioner and he thereupon was asked, "How do you plead to that count, Mr. Winston." Petitioner's response of "guilty" as well as his response of "Yes, sir," to the next question, "You do so offer your plea of guilty because you are guilty and you do so of your own will and accord, do you," was insufficient to establish a factual basis for the plea.[3] Thus, this case is factually similar to *Rizzo v. United States,* 516 F.2d 789 (2d Cir. 1975), in which the court held that the mere reading of the indictment to a defendant who plead guilty while protesting his innocence was insufficient for purposes of establishing a rule 11 factual basis for the plea. *See also United States v. Price,* 538 F.2d 722 (5th Cir. 1976). Moreover, unlike cases such as *Jimenez v. United States,* 487 F.2d 212 (5th Cir. 1973), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974), where the reading of a simple indictment was sufficient to establish a factual basis for a plea *where the defendant admits his guilt,* in the case at bar the indictment contained complex legal language and was not the recitation of a simple crime.

Accordingly, because of the failure to properly comply with the requirements of rule 11(f), petitioner's guilty plea is hereby vacated and his petition for a writ of habeas corpus is granted. While this court recognizes that the judicial system can not operate unless finality is given to pleas of guilty in criminal cases, this court can not blind itself when it sees that a fundamental error infringing a criminal defendant's rights has occurred. *Cf. Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

It is so ordered.

**3.** It is also important to note that petitioner's response of "Yes, sir." was a single response to a two part question. Whether petitioner was admitting his guilty is thus ambiguous from his response.