UNITED STATES of America, Plaintiff,

v.

Barbara HINES, Defendant.

No. 80–00137–CR–W–6.

United States District Court,
W. D. Missouri,
W. D.

Feb. 12, 1981.

Thomas M. Larson, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

David W. Russell, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION ACCEPTING PLEA OF NOLO CONTENDERE

SACHS, District Judge.

■ The question before the Court is whether I should accept a plea of *nolo contendere* offered by the defendant but opposed by the United States Attorney, pursuant to a departmental policy dating back to a 1953 directive, recently restated. District Judge Tolin dealt with this situation in *United States v. Jones*, 119 F.Supp. 288 (S.D.Cal.1954) by declaring that notwithstanding the department's position, "the Court will ordinarily allow [a *nolo* plea] to be entered." l.c. 290. Although a guilty plea may be greatly preferred to a *nolo* plea, I am in agreement with Judge Tolin and will generally accept a *nolo* plea if necessary to disposition of a criminal case without trial. Because Judge Tolin's position is said to be extraordinary (*United States v. Bagliore*, 182 F.Supp. 714, 716 (E.D.N.Y.1960)) an explanation of my current thinking on the subject is desirable.

Prior to 1966 it could be said that the "only distinguishable feature between a plea of *nolo contendere* and that of guilty is that the former cannot be used against the defendant as an admission in any civil suit for the same act." *Bell v. Commissioner of Internal Revenue*, 320 F.2d 953, 956 (8th Cir. 1963). By the 1966 amendment to Rule 11, Federal Rules of Criminal Procedure, however, the *nolo* plea serves a new purpose in that, as distinguished from a guilty plea, a *nolo* plea may be accepted without the usual prerequisite of fully satisfying the Court that the defendant has in fact committed the crime charged. 1 Wright, Federal Practice and Procedure (Criminal Rules), 390–1. The *nolo* plea has thus become quite useful, in the Federal system, for dealing with the defendant who denies guilt, or elects to stand mute, while agreeing to entry of an adverse judgment and the imposition of punishment. Compare *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), sustaining the constitutionality of accepting a state court guilty plea of a defendant who had in fact denied guilt. The Supreme Court observed in *Alford* (l.c. 36, note 8) that the revisers of Rule 11 thought it "desirable to permit defendants to plead *nolo* without making any inquiry into their actual guilt."

The Department of Justice now offers a stereotype that *nolo* pleas are reserved for "affluent white collar defendants," and may result in lenient treatment. Neither of these suppositions fits my experience, and greater use of *nolo* pleas may alter the generalizations.

A *nolo* plea does not affect my sentencing practices, except that I may take into account that a person offering a guilty plea may be more favorably considered because of apparent honesty and contrition. I would generally not consider protestations of innocence, as grounds for lenient sentencing, any more than I would consider such protestations after a jury verdict of guilty.

It has been my practice to accept a *nolo* plea on request, when a defendant resists admitting guilt in open court. It is generally very desirable for a defendant to make a full confession; that is, however, not always obtainable. Inquiry from the government as to the evidentiary basis for the plea is then useful to limit the possibility that the Court has before it an innocent person. The purpose of the distinction in Rule 11 would be defeated, however, by adamant insistence that the defendant in this case should herself provide a statement showing guilt.

The Court of Appeals for the District of Columbia has ruled that a district judge has a duty to accept a guilty plea tendered by a defendant who protests innocence, if there is a factual basis for the plea. *United States v. Gaskins*, 485 F.2d 1046 (D.C.Cir. 1973). See also *United States v. Davis*, 516 F.2d 574, 578 (7th Cir. 1975). While the distinction may be one of word usage, I would treat such a tender as an offer of a *nolo* plea, rather than a "guilty" plea, and would generally accept it.

Trial in such an instance would usually be a wasteful ritual contrary to the effective administration of justice, and is therefore not required. Rule 11(b), Federal Rules of Criminal Procedure. It is not only "protracted litigation" (*United States v. American Bakeries Company*, 284 F.Supp. 871 (W.D.Mich.1968)) which should be avoided by accepting such pleas. Unnecessary trial of a short case is also wasteful. Under *Gaskins* and *Davis* it may also be considered an unfair ordeal to impose on a defendant who does not wish to contest the government's case.

Based on the above reasons and the particular facts presented to the Court, defendant's plea of *nolo contendere* will be accepted, and a judgment of guilty based on that plea will be entered in the record. SO ORDERED.