919 F.2d 143
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven CANNADAY, Defendant-Appellant.
 No. 89-3662.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1990.
Decided Nov. 20, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Steven Cannaday was indicted for conspiring to distribute cocaine, possessing a firearm during the commission of a drug offense, and possessing a firearm as a previously convicted felon. The Draconian penalties for this combination of offenses induced him to plead guilty--not to the indictment, but to an information charging him with assaulting a federal officer with a dangerous weapon, in violation of 18 U.S.C. Sec. 111. The court accepted the plea and sentenced Cannaday to ten years' imprisonment. He asks us to set aside the conviction on the ground that the record does not establish a factual basis for the plea, as Fed.R.Crim.P. 11(f) requires.
 
 
 2
 Cannaday's lawyer aptly described this as an Alford plea: Cannaday did not so much admit his guilt on the Sec. 111 charge as concede that the prosecution could make out a case against him. North Carolina v. Alford, 400 U.S. 25 (1970), approves this course. At sentencing Cannaday stressed his version of the shooting--that the gun went off accidentally as he struggled with his girlfriend. That argument in mitigation of punishment did not obliterate the foundation laid by the prosecutor at the time the court accepted the plea. The government told the judge that it was prepared to show that after federal agents entered Cannaday's house to execute a warrant, a bullet whistled through the ceiling from Cannaday's bedroom, and that Cannaday admitted firing the shot. If the case had gone to trial, the prosecutor could have asked the jury to infer that Cannaday shot meaning to hit an agent; Cannaday would have been free to offer his version. The record establishes a "factual basis", and the district judge engaged in the colloquy with the defendant required by Rule 11(c) and (d) as McCarthy v. United States, 394 U.S. 459 (1969), interprets that rule.
 
 
 3
 At oral argument Cannaday's new lawyer stressed that the judge did not address Cannaday personally after the prosecutor told the court what the government expected to be able to prove at trial. Instead, Cannaday's lawyer in the district court agreed on behalf of the defense that the prosecutor's statement was accurate. Cannaday's new counsel insists that the judge must address the defendant personally in order to obtain his assent for the factual basis. Rule 11 does not support this position. Rule 11(c) and (d) give detailed lists of things to which the accused must speak personally. Rule 11(f), by contrast, says that the court shall make "such inquiry as shall satisfy it that there is a factual basis for the plea." It pointedly does not say that the defendant must participate in this. "[T]he failure of the court to inquire personally of the defendant is not of itself grounds for reversal if the factual basis is otherwise established. The court may inquire of the prosecution or the law enforcement officer who investigated the case." United States v. Fountain, 777 F.2d 351, 355 (7th Cir.1985), quoting from 8 Moore's Federal Practice p 11.07 (2d ed. 1985). See also, e.g., United States v. Montoya, 891 F.2d 1273, 1295 (7th Cir.1989); United States v. Ray, 828 F.2d 399, 405-06 (7th Cir.1987); United States v. Lovelace, 683 F.2d 248, 251 (7th Cir.1982). The Advisory Committee's notes to Rule 11(f) are to the same effect.
 
 
 4
 Although Cannaday's statements at sentencing suggest that he had a colorable defense to the charge under Sec. 111, this does not vitiate the plea, given Alford. See also United States v. Davis, 516 F.2d 574, 577 (7th Cir.1975). Plea bargains are compromises. The defendant gives up his chance of acquittal in exchange for some other consideration--in this case, the dropping of charges that could have landed him in prison for life without prospect of parole. The district judge would have been free to consider the statements at sentencing in deciding whether the interests of justice supported a motion to withdraw the plea. No such motion was made, and we conclude that there was no formal defect under Rule 11.
 
 
 5
 Cannaday's request for still another lawyer to represent him (he is dissatisfied with the quality of advocacy supplied by the lawyer we appointed for him on appeal), and his request to file still another brief, are denied.
 
 
 6
 AFFIRMED.