**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-7297**

———————————

NICANOR PEREZ RODRIGUEZ,

　　　　　Petitioner - Appellant,

　　　v.

DENNIS BUSH, Warden,

　　　　　Respondent - Appellee.

———————————

**No. 15-6716**

———————————

NICANOR PEREZ RODRIGUEZ,

　　　　　Petitioner - Appellant,

　　　v.

DENNIS BUSH, Warden,

　　　　　Respondent - Appellee.

———————————

Appeals from the United States District Court for the District
of South Carolina, at Rock Hill.　Terry L. Wooten, Chief
District Judge.　(0:13-cv-03401-TLW)

———————————

Argued:　September 20, 2016　　Decided:　November 23, 2016

———————————

Before KEENAN, FLOYD, and THACKER, Circuit Judges.

———————————

Affirmed by published opinion. Judge Floyd wrote the opinion, in which Judge Keenan and Judge Thacker joined.

---

**ARGUED:** Matthew Jay Kappel, Greenville, South Carolina, for Appellant. Alphonso Simon, Jr., OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee. **ON BRIEF:** Alan Wilson, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

---

FLOYD, Circuit Judge:

Nicanor Perez Rodriguez appeals the order of the district court below denying his 28 U.S.C. § 2254 petition.

Immediately before Rodriguez's state criminal trial for drug trafficking, the trial judge rejected a plea agreement reached between Rodriguez and the state prosecutor. The judge did so off the record, and gave no reason for this rejection other than stating that he "was ready to try a case." J.A. 167. Rodriguez's attorney did not object to the rejection of the plea, nor did he ask the judge to place his reasons for rejecting the plea on the record. Rodriguez contends that his counsel's failure to object constitutes ineffective assistance of counsel. He asks this Court for relief under 28 U.S.C. § 2254.

To prevail on an ineffective assistance of counsel claim, Rodriguez must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Rodriguez has not shown that his defense was prejudiced by his counsel's alleged error. For this reason, we affirm the decision of the district court.

I.

In 2009, a South Carolina jury convicted Rodriguez on multiple counts of drug trafficking. The trial court sentenced Rodriguez to an aggregate term of 45 years of imprisonment.

In 2010, Rodriguez filed in state court a motion for postconviction relief (the "PCR Motion"). In his PCR Motion, Rodriguez asserted that the trial court violated his federal due process rights by refusing to allow him to enter a guilty plea pursuant to a negotiated plea agreement. Rodriguez also alleged that his trial counsel provided ineffective assistance by failing to object to the trial court's rejection of his plea, which then precluded appellate review of the issue.[1]

The state court held an evidentiary hearing on the PCR Motion. At the hearing, Rodriguez's trial counsel, James Ervin, testified that prior to Rodriguez's trial, the state offered Rodriguez a plea deal with a recommended 25-year sentence, which Rodriguez rejected. On the day of trial, the state offered Rodriguez a new plea agreement with a recommended sentence of 20 years, which Rodriguez accepted. The state made similar offers to Rodriguez's co-defendants, whose cases were also scheduled to go to trial that day.

---

[1] Rodriguez raised another claim, regarding his counsel's failure to inform him of his right to appeal, but this claim is not relevant here.

4

The trial judge accepted Rodriguez's co-defendants's pleas. The prosecutor and Ervin then approached the trial judge in chambers to inform him of Rodriguez's plea agreement. Ervin testified that the trial judge said that "he was not going to accept the plea and that he was ready to try a case this week or that week." J.A. 167. Ervin testified, "I'd never had that happen before. . . . So I was, myself, professionally confused as to how to proceed." J.A. 168. Ervin explained that he attempted to persuade the judge to accept the plea deal, noting that the judge had just accepted Rodriguez's co-defendants' similar pleas. Ervin did not, however, object to or mention the court's rejection of the plea agreement on the record. The trial judge never stated on the record why he refused the plea agreement.

The state court denied the PCR Motion as relevant to this appeal. It identified the relevant issues presented as:

    (1)  Ineffective assistance of counsel:
           . . . .
           b. Failure to object to the trial judge's decision not to accept the plea recommendation.

    (2)  Trial judge's refusal to accept the plea recommendation was a denial of due process.

J.A. 190. The court held that Rodriguez failed to meet his burden to show that Ervin should have objected to the judge's refusal to accept the plea agreement, and that Rodriguez could

not prove prejudice. Additionally, the court held that Rodriguez's due process rights had not been violated.

Rodriguez then filed a petition for a writ of certiorari in the Supreme Court of South Carolina, challenging the denial of the PCR motion. In a summary opinion, the Supreme Court of South Carolina denied Rodriguez's petition for certiorari on this issue. See Rodriguez v. State, No. 2013-MO-023, 2013 WL 8596567 (S.C. Aug. 14, 2013) (per curiam).[2]

Rodriguez then filed the instant § 2254 petition. The district court below denied his petition. Rodriguez then filed a motion for a certificate of appealability, which this Court granted.

II.

A.

This Court reviews de novo the district court's decision denying Rodriguez's § 2254 petition. Grueninger v. Dir., Va. Dep't of Corr., 813 F.3d 517, 523 (4th Cir. 2016). When a state court has adjudicated a § 2254 petitioner's claim on the merits, however, the § 2254 petition may only be granted if the adjudication:

---

[2] Rodriguez also presented the direct appeal issue, not relevant here, which the court considered and dismissed.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that a state court unreasonably applied federal law, a petitioner must demonstrate "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

To demonstrate ineffective assistance of counsel, Rodriguez must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Because the state court addressed the ineffective assistance claim in denying Rodriguez's PCR Motion, Rodriguez must establish under § 2254(d) that the state court unreasonably applied Strickland. The inquiry is thus "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. "The standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review

7

is doubly so." Id. (internal quotation marks and citations omitted).

Although Strickland is a two-prong test, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Strickland, 466 U.S. at 697. Here, Rodriguez's claim can be disposed of on the "prejudice" prong.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law[.]" Lockhart v. Fretwell, 506 U.S. 364, 374 (1993).

B.

Rodriguez contends that his counsel was ineffective because he failed to object to the rejection of the plea agreement and preserve the issue for appellate review. He argues that his counsel should have objected and alleged a violation of federal

due process. We hold, however, that an objection claiming a violation of federal due process rights would, in this case, have been wholly meritless.[3] The Supreme Court has clearly stated that there is no federal right that a plea be accepted by a judge. Missouri v. Frye, 132 S. Ct. 1399, 1410 (2012). As a result, Rodriguez was not prejudiced by his counsel's failure to object.

Rodriguez's claim that the judge's rejection of his plea violated his federal due process rights is based on language in Santobello v. New York, 404 U.S. 257, 262 (1971). Santobello states, "There is, of course, no absolute right to have a guilty plea accepted. A court may reject a plea in exercise of sound judicial discretion." Id. (citations omitted). Rodriguez asserts that this statement creates a federal due process right that a plea only be rejected in the "exercise of sound judicial discretion."

---

[3] Rodriguez also briefly argues that Rule 11 of the Federal Rules of Criminal Procedure regulates a state judge's ability to reject a plea agreement. This argument is without merit as well. Rodriguez's trial was a state trial. The Federal Rules of Criminal Procedure apply to federal trials, not state trials. See Fed.R.Crim.P. 1(a)(1)("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972) (stating that state courts are not bound by Rule 11).

This contention, however, is misplaced. This reading of Santobello is itself untenable, and moreover, in cases after Santobello, the Supreme Court has made clear that there is no federal due process right that a plea be accepted, stating, "a defendant has no right to be offered a plea, nor a federal right that the judge accept it." Frye, 132 S. Ct. at 1410 (citations omitted). Notably, the Court even cited Santobello in support of this proposition. See id.

This same language was repeated in Lafler v. Cooper, 132 S. Ct. 1376 (2012). See id. at 1387 (quoting Frye, 132 S. Ct. at 1410). In Lafler, the Supreme Court explained how the Strickland standard for ineffective assistance should be applied when an attorney errs in advising a defendant not to accept a plea agreement. Id. The Court went on to explain, "If no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge, the issue raised here simply does not arise." Id. (emphasis added). This further demonstrates that there is no due process right that a plea be accepted by a judge.

In addition, this Court has also acknowledged that there is no constitutional right that a plea bargain be accepted, stating, "[a] defendant has no constitutional right to a plea bargain. Nor is there a constitutional right to have a plea bargain, once made, accepted by the court. . . . [T]he court may

10

accept or reject the plea at its discretion." <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297 n.19 (4th Cir. 1992) (citations omitted). Again, <u>Santobello</u> was cited for this proposition. <u>See</u> <u>id.</u>

Based on the above interpretations of <u>Santobello</u> by the Supreme Court and by this Court, there is not a valid argument that <u>Santobello</u> announced a constitutional due process right that a judge accept a plea bargain.[4] For this reason, an objection to a judge's plea rejection based on <u>Santobello</u> does not have merit. Rodriguez was therefore not prejudiced by his attorney's failure to make this meritless objection.

## III.

Rodriguez has not demonstrated prejudice in this case. The objection he contends that his attorney should have made is without merit. As a result, we hold that the state PCR court's determination that Rodriguez was not prejudiced is reasonable, and the district court below did not err in denying Rodriguez's

---

[4] Rodriguez also points to Seventh Circuit precedent for his contention that <u>Santobello</u> created a federal due process right that a plea be accepted; however, the cases he cites involve appeals from federal district courts (rather than state courts), and the interpretation of Rule 11. None of these cases invoke due process in their analysis. <u>See, e.g.</u>, <u>United States v. Delegal</u>, 678 F.2d 47, 50 (7th Cir. 1982); <u>United States v. Davis</u>, 516 F.2d 574, 578 (7th Cir. 1975).

request for relief under 28 U.S.C. § 2254.  Accordingly, the judgment below is

AFFIRMED.