UNITED STATES of America, Appellee,

v.

Antonio Ramon WASHINGTON,
Appellant.

UNITED STATES of America, Appellee,

v.

Carl GEDDE, Appellant.

Nos. 91–3094, 91–3095.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 2, 1992.

Decided June 30, 1992.

Jane Carol Norman (appointed by the Court), with whom Howard F. Bramson (appointed by the Court) was on the joint brief, for appellants in Nos. 91–3094 and 91–3095.

William M. Sullivan, Jr., Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas C. Black, Asst. U.S. Attys., were on the brief, for appellee in both cases.

Before: WALD, EDWARDS and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Carl Gedde and Antonio Ramon Washington (collectively, "appellants") were indicted for distribution of cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (1988). Prior to their joint trial, Gedde attempted to plead guilty to the distribution charge, but the District Court rejected his plea. Subsequently, appellants were convicted on both counts of the indictment.

The most significant issue raised on appeal is whether the District Court erred in refusing to accept Gedde's guilty plea. The trial court rejected the plea because Gedde refused to incriminate Washington with respect to the distribution count. We hold that it was error for the District Court to reject Gedde's plea; however, on the facts of this case, we find that the error was harmless.

Appellants raise a number of other issues on appeal, but they are without merit. Accordingly, we affirm the convictions.

## I. BACKGROUND

A federal grand jury jointly indicted Carl Gedde and Antonio Ramon Washington for drug offenses. Count one of the indictment charged appellants with distribution of cocaine and count two charged them with possession with intent to distribute

cocaine. The charges were brought under 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

The evidence at trial recounted a "buy operation" staged by officers of the Metropolitan Police Department on the evening of August 1, 1990. Officers Lawrence Best and Robert Arrington were working in conjunction with a surveillance team and an arrest team in the 1900 block of 9th Street, Northwest, in the District of Columbia. While on foot, officers Best and Arrington first saw Gedde and Washington standing with an unidentified third person. Washington handed the unidentified man a small yellow ziploc bag in exchange for a sum of money, while retaining other yellow ziploc bags in his hand. After the initial transaction, Washington crossed the street while Gedde remained where he was. Officer Best approached Gedde and inquired, "Is there any caine out here?" Gedde initially ignored the question and Best proceeded to walk away, but shortly thereafter Gedde ran towards Best and responded, "Hey, I got it if you got $25." Gedde then crossed the street towards Washington, and, after a short conversation, exchanged hand motions. The exchange resulted in Gedde receiving a small object in his clenched right fist. Gedde then returned to Best and revealed a yellow ziploc bag containing a substance later identified to be cocaine. Best paid Gedde $25 in marked bills. This transaction gave rise to the distribution charge. When the arrest team apprehended appellants, the marked money was found on Gedde, and two yellow ziploc bags of cocaine and $210 in currency were found on Washington. The possession with intent to distribute charge arose from the cocaine in Washington's possession.

Prior to trial, Gedde attempted to enter a plea of guilty to count one—the distribution charge. The trial judge followed the required procedure in questioning Gedde to be sure that the defendant was entering the plea voluntarily and understood its possible consequences. During this exchange with the trial judge, Gedde did not dispute

that he was guilty of distributing cocaine,[1] but he refused to implicate Washington.

Because Gedde refused to incriminate Washington, the trial judge refused to accept Gedde's plea. The judge found that the guilty plea was not complete because Gedde did not confess to all of the facts recited in count one of the indictment, which included the actions of Washington. The trial judge and Gedde had the following exchange:

THE COURT: Count One of the indictment charges that on or about August 1, 1990, within the District of Columbia, Antonio Washington and Carl Gedde did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine.

Now, did you and Mr. Washington distribute cocaine on that date?

DEFENDANT GEDDE: No, your honor.

THE COURT: It's your position that Mr. Washington did not distribute the cocaine?

DEFENDANT GEDDE: That's right.

Tr. of Attempted Plea Proceedings (Nov. 1, 1990) at 8–9 ("Plea Tr."). After this exchange, the District Court rejected Gedde's guilty plea. The judge stated:

Well, neither Ms. Ducoff [the Assistant United States Attorney] or the court has the power to alter the indictment, which does not just charge Mr. Gedde—it charges Mr. Washington and Mr. Gedde. If Mr. Gedde does not acknowledge that he did distribute with Mr. Washington, I don't see how I can accept the plea.

*Id.* at 12.

Before the commencement of trial, Washington filed a motion to sever his case from Gedde's. Washington argued that, because Gedde's testimony was indispensable to his case, Gedde should be tried first so he could later testify at Washington's trial, at which time Gedde's Fifth Amendment rights would no longer attach. The trial court denied this motion. Washington also filed a motion in limine (later joined by

---

**1.** It is undisputed that Gedde was willing to admit to all of the facts recited by the Government with the exception of Washington's guilt.

Gedde) to exclude evidence of the drug transaction between Washington and the unidentified third person. The trial court denied the motion and the evidence was admitted. Appellants challenge the denial of these motions on appeal.

Trial commenced on February 11, 1991. On February 14, a jury returned verdicts of guilty against Washington and Gedde on both counts of the indictment. At the sentencing hearing, the judge refused to grant Gedde a two-level sentence reduction for acceptance of responsibility. On appeal, Gedde contests that decision and the sufficiency of the evidence supporting the conviction for possession with intent to distribute. Washington contests the sufficiency of the evidence against him with respect to both counts.

## II. ANALYSIS

### A. Rejection of Gedde's Guilty Plea

#### 1. Abuse of Discretion

██ Gedde's first contention on appeal requires us to decide whether a trial court may reject a knowing and voluntary guilty plea because a defendant refuses to admit to facts external to the essential elements of the offense charged. The trial court held that, because Gedde and Washington were jointly charged with distribution, Gedde was required to incriminate Washington in order to enter a valid plea. While we recognize that a defendant has "no absolute right to have a guilty plea accepted," and that a trial court can "reject a plea in exercise of sound judicial discretion," *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971), we nonetheless find that the trial court abused its discretion in the unusual circumstances of this case. However, because no prejudice resulted, we find the error harmless.

The validity of Gedde's attempted plea hinges upon Rule 11 of the Federal Rules of Criminal Procedure, which governs the disposition of pleas generally. FED. R.CRIM.P. 11. Most Rule 11 litigation arises in the reverse context of this case. *See, e.g., Santobello*, 404 U.S. at 258–60, 92 S.Ct. at 497–98; *McCarthy v. United States*, 394 U.S. 459, 461–63, 89 S.Ct. 1166, 1168–69, 22 L.Ed.2d 418 (1969); *United States v. Davis*, 516 F.2d 574, 575–76 (7th Cir.1975); *United States v. Barker*, 514 F.2d 208, 216–18 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). In those more typical Rule 11 controversies, defendants attempt to withdraw their guilty pleas, often on the theory that the trial court did not follow proper procedure before accepting the plea. Rule 11 acts primarily as a safeguard to prevent the hasty acceptance of guilty pleas that are not made knowingly and voluntarily. In addition to the "knowing and voluntary" inquiry, Rule 11(f) requires that the trial court find a factual basis for the plea in order to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." FED. R.CRIM.P. 11 advisory committee's note (1966 Amendment). This factual basis can most easily be found where a defendant " 'describe[s] the conduct that gave rise to the charge' " in the indictment. *Id.* (1974 Amendment) (quoting *Santobello*, 404 U.S. at 261, 92 S.Ct. at 498).

The Government argues that the trial court properly rejected Gedde's guilty plea because it lacked a factual basis. The trial court reasoned that, because count one of the indictment "charge[d] Mr. Washington *and* Mr. Gedde," the court could only accept a guilty plea from Gedde if he "acknowledge[d] that he did distribute with Mr. Washington." Plea Tr. at 12 (emphasis added). This was error.

The trial court incorrectly focused on the words in the indictment rather than on the offense charged in the indictment. To establish a factual basis for a guilty plea, the defendant need only admit to the conduct which " 'constitutes the offense charged in the indictment ... or an offense included therein.' " *McCarthy*, 394 U.S. at 467, 89 S.Ct. at 1171 (quoting advisory committee's note on 1966 Amendment to Rule 11 of the Federal Rules of Criminal Procedure). The offense to which Gedde attempted to plead guilty is a violation of 21 U.S.C.

§ 841(a)(1)—the distribution of cocaine. The statute prohibits "any person" from knowingly and intentionally distributing cocaine. *Id.* Gedde was willing to admit that he knowingly and intentionally distributed cocaine on August 1, 1990. His admission would have included all facts necessary to establish guilt under section 841(a)(1). The actions of Washington are *external* to the offense and irrelevant to establishing a factual basis for the plea.

■ If Gedde had proffered facts that in some way cast doubt on his own guilt, this would have been a much more difficult case.[2] We need not reach that question here because Gedde presented no facts that asserted or implied his innocence with respect to the distribution charge. Gedde's position on the guilt of Washington had no bearing on his own guilt. The Government cites conspiracy cases that obfuscate this issue, but these cases are not on point. *See* Brief for Appellee at 19–22 (discussing *United States v. Gomez–Gomez,* 822 F.2d 1008 (11th Cir.1987), *cert. denied,* 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988); *United States v. Navedo,* 516 F.2d 293 (2d Cir.1975)). In a conspiracy case, the guilt of one conspirator is, by definition, contingent on the actions of other conspirators. The existence of at least one other conspirator is an essential element of the crime. Therefore, if a defendant pled guilty to a conspiracy charge while maintaining that all of his alleged coconspirators were innocent, this would cast doubt on his own guilt. It might be proper for a court to question the factual basis of that type of guilty plea.

In this case, however, the charge was distribution, not conspiracy. An individual is capable of committing this offense irrespective of the actions of any other person. The distribution can be perpetrated alone,

and guilt is contingent upon the actions of no one but the defendant himself. Since Gedde did not in any way hedge his own guilt by asserting the innocence of Washington, and since Gedde was willing to proffer all facts necessary to establish the elements of a distribution offense, his plea had a sound factual basis as required by Rule 11.

The final element necessary to enter a valid plea of guilty is that the plea be voluntary and knowing. The trial court followed the proper procedure to satisfy this aspect of Rule 11 at the plea hearing. Plea Tr. at 2–6. Neither party argues that Gedde did not understand the consequences of the plea or that the attempted plea was coerced. Therefore, we find that Gedde's attempted plea was in no way deficient.

We recognize that a trial court has broad discretion in disposing of guilty pleas. However, on this record, where the defendant attempted to (1) admit he was guilty of distributing cocaine, (2) admit to all facts necessary to establish the elements of the offense without proffering facts hedging his own guilt, and (3) knowingly and voluntarily enter the plea, the trial court's rejection was an abuse of discretion.

Contrary to the Government's contentions, we hold that it is irrelevant (1) that the plea was not the result of a plea bargain, (2) that the defendant was not willing to take a position on facts that were external to the offense, and (3) that some strategic advantage may have accrued to the defendant regarding different charges.

At oral argument, the Government conceded that it has no power to block a defendant from pleading guilty, so long as the requirements of Rule 11 have been met. We agree. Thus, in a case of this sort, it is immaterial whether the Government is will-

---

2. Accepting a plea of guilty accompanied by facts that imply the defendant's innocence is not necessarily improper. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This circuit has even reversed rejections of that type of plea. *See United States v. Gaskins,* 485 F.2d 1046, 1049 (D.C.Cir.1973);

*Griffin v. United States,* 405 F.2d 1378, 1379–80 (D.C.Cir.1968). However, the 1974 Amendment to Rule 11, while not proscribing *Alford* pleas, stated that it may "be preferable to resolve the issue of guilt or innocence at the trial stage rather than leaving that issue unresolved." FED.

ing to enter into a plea agreement.[3]

Furthermore, Gedde should not have been penalized for refusing to take a position on facts external to the offense charged. The Government would not have been hindered in future adjudications by admitted or omitted external facts. Those facts would be before a jury in that future trial, and the Government would have had a chance to allege or challenge those facts without suffering any prejudice as a result of Gedde's guilty plea in this case.

■ Finally, it was of no consequence that Gedde may have gained some strategic advantage by pleading guilty. Since the defendant satisfied all Rule 11 requirements, the guilty plea should have been accepted even if the defendant's only motive in entering the plea was to improve his own position. *See, e.g., Barker,* 514 F.2d at 221 (recognizing validity of "tactical" guilty pleas); *Gaskins,* 485 F.2d at 1049 ("Rule 11 was intended for the protection of the defendant, and does not require a denial to the defendant of the opportunity to act in his own best interest....").

### 2. Harmless Error

■ Although we hold that the trial court abused its discretion by rejecting Gedde's guilty plea, we affirm the conviction because in this case the error was harmless. Gedde was ultimately convicted of precisely the same charge to which he attempted to plead guilty. Prejudice is more readily apparent where the rejection of the plea leads to conviction of a greater offense than that offered in a plea agreement. *See, e.g., id.* at 1047–49; *Griffin,* 405 F.2d at 1379–80; *cf. United States v. Gratton,* 525 F.2d 1161, 1163–64 (7th Cir. 1975) (finding no prejudice where the trial court improperly rejected a plea of nolo contendere to the same offense of which the defendant was ultimately convicted).

Gedde offers two arguments to show how he nevertheless suffered prejudice at trial. Both arguments are premised on the theory that, by rejecting his guilty plea to count one, the court effectively and improperly precluded him from testifying on his own behalf as to count two.

First, Gedde believes that testifying as to count two would have resulted in a two-level increase for untruthfulness under section 3C1.1 of the Sentencing Guidelines because by rejecting his plea to count one, the judge indicated he did not believe Gedde's assertions that Washington was innocent of distribution. *See* United States Sentencing Commission, *Guidelines Manual* § 3C1.1 (Nov.1990) (enhancement for obstructing or impeding the administration of justice). This argument is specious because regardless of whether a guilty plea on count one was allowed, Gedde's testimony regarding count two, if exculpatory, would have necessarily minimized his association with Washington. Thus, the same issue of credibility about Gedde's testimony would have faced the trial court at the count two stage, regardless of whether his guilty plea on count one was accepted or rejected.

■ Second, Gedde argues that, by rejecting his plea, the court forced him to choose between his Fifth and Sixth Amendment rights. He feared that testifying as to count two would have led to a forced admission in front of the jury to count one on cross-examination. This argument is not convincing because even if the plea had been accepted, an exculpatory statement addressing count two would have opened Gedde to cross-examination on the facts underlying count one. *See Brown v. United States,* 356 U.S. 148, 154–57, 78 S.Ct. 622, 626–28, 2 L.Ed.2d 589 (1958) (holding that a defendant has no right to assert facts in his favor without opening himself to cross-examination on those facts). If Gedde took the stand to deny guilt of the

R.Crim.P. 11 advisory committee's note (1974 Amendment).

**3.** We recognize that in the plea-bargaining context the Government's position may be material to the court's decision of whether to accept the

plea agreement since the Government can best allocate its litigation resources efficiently. *See, e.g., Griffin,* 405 F.2d at 1380 (listing prosecutorial discretion as a factor for the trial court to consider in deciding whether to accept a plea agreement).

possession with intent to distribute charge, the Government could have asked him on cross-examination about the alleged distribution. The facts underlying the two charges were so closely related that Gedde could not have expected to exculpate himself from one without opening himself to cross-examination on the facts underlying the other. The fact that Gedde distributed cocaine he obtained from Washington is highly probative of whether he was in possession of and had intent to distribute the cocaine found on Washington. Therefore, since we fail to see how Gedde was precluded from testifying as to count two due to the court's rejection of his guilty plea, we find the error harmless.

### B. Other Claims

#### 1. *Motion for Severance*

█ Appellant Washington contends that the trial court improperly refused to sever his case from that of Gedde. Rule 14 of the Federal Rules of Criminal Procedure provides that a trial court *may* sever cases if a defendant is prejudiced by joinder. FED.R.CRIM.P. 14. The law in this circuit gives the trial court great latitude under the permissive language of the Rule. *United States v. Harrison*, 931 F.2d 65, 67 (D.C.Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 408, 116 L.Ed.2d 356 (1991); *United States v. Ford*, 870 F.2d 729, 730 (D.C.Cir. 1989). The denial of a severance motion is reversed only upon the finding of an abuse of discretion. *United States v. Manner*, 887 F.2d 317, 324 (D.C.Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990); *United States v. Perry*, 731 F.2d 985, 992 (D.C.Cir.1984).

█ Nonetheless, courts have recognized circumstances that compel severance. One such situation is the pressing need for a codefendant's testimony. Washington argued that since Gedde's testimony was indispensable to his trial, the cases should have been severed to allow Washington to call Gedde to the stand after Gedde's case was adjudicated and his Fifth Amendment right had expired. In *Ford*, we articulated a test to determine whether a defendant qualifies for severance due to a need for

his codefendant's testimony. To establish a prima facie case for severance, the defendant must demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) the likelihood that the co-defendant will testify if the cases are severed." *Ford*, 870 F.2d at 731. In *Ford*, the court upheld the trial court's decision not to sever because the defendant had not shown a "reasonable probability" that the codefendant would have testified. *Id.*

█ Here, as in *Ford*, Washington has failed to show a "reasonable probability" that the testimony sought would indeed follow a severance. Assurance conditioned on one defendant being tried before the other fails to satisfy the elements of the prima facie case. *Id.* at 731–32. Here, Washington conditioned his assurance on Gedde being tried first: "[I]f these cases are not severed and you don't allow Mr. Washington to be tried after Mr. Gedde is tried, you're depriving him of his only witness...." Plea Tr. at 13. Because of this conditional guarantee, the trial court did not abuse its discretion by denying the motion.

#### 2. *Admissibility of the Prior Drug Transaction*

█ The next issue raised on appeal is the trial court's admission into evidence of Washington's drug transaction with the unidentified third person that occurred prior to the transaction which led to the distribution charge. This evidence passed the well established "two-step analysis" used in this circuit to determine the admissibility of prior bad acts. *United States v. Miller*, 895 F.2d 1431, 1435 (D.C.Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). The first step requires only that the evidence be probative of some material issue other than character. *Id.* at 1436 (interpreting Rule 404(b) of the Federal Rules of Evidence as prohibiting only "one impermissible purpose"). The second step requires that the evidence not be inadmissible under any of the other "general strictures limiting admissibility." *Id.* at 1435.

The most important of these general strictures is Rule 403, which requires that the "probative value of the evidence not be 'substantially outweighed' by its potential prejudice." *Id.* (quoting *Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988)).

■ Here, the evidence is not barred by Rule 404(b) because it was offered to show more than Washington's character. The evidence of this prior transaction is probative of intent, knowledge and plan on the part of Washington. *See, e.g., United States v. Moore*, 732 F.2d 983, 989 (D.C.Cir. 1984) (finding prior drug transactions probative of intent to participate in future transactions).

■ The evidence is not barred by Rule 403 because its probative value is not substantially outweighed by its potential prejudice. The trial court is in the best position to perform this subjective balancing, and its decision should be reviewed only for "grave abuse." *Manner*, 887 F.2d at 322 (quoting *United States v. Payne*, 805 F.2d 1062, 1066 (D.C.Cir.1986)). The similarity of the transactions and the small amount of time separating the events suggest that the prior act is highly probative. *See, e.g., United States v. Lavelle*, 751 F.2d 1266, 1277 (D.C.Cir.), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985). Although prior drug transactions always raise the specter of potential prejudice to the defendant, we find no compelling or unique evidence of prejudice in this case that warrants upsetting the trial court's determination.

### 3. Two-level Sentence Reduction for Acceptance of Responsibility

■ Appellant Gedde argues that the District Court erred by not giving him a two-level sentence reduction for the acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines. *See* U.S.S.G. § 3E1.1 (Nov.1990). Trial judges are given great latitude in administering this subjective test. *See United States v. Taylor*, 937 F.2d 676, 680 (D.C.Cir.1991) (giving trial judges "at the least," the "clearly erroneous" standard of review). The trial judge believed that Gedde attempted to plead guilty for reasons other than sincere acceptance of responsibility. Tr. of Sentencing (Apr. 18, 1991) at 6 (trial judge expressed belief that Gedde's motive may have been to protect Washington). The judge was in the best position to make that credibility determination, and his refusal to grant the sentence reduction was not clearly erroneous. *See Taylor*, 937 F.2d at 681 (allowing trial judge to refuse a section 3E1.1 sentence reduction based on a subjective credibility determination).

### 4. Sufficiency of the Evidence

■ Finally, appellants argue that the evidence presented by the Government was insufficient to support their convictions. Gedde contests his conviction for possession with intent to distribute, while Washington contests the sufficiency of the evidence with respect to both charges against him. A jury verdict is given great deference, and will be reversed only where "a reasonable trier of fact could not have found guilt beyond a reasonable doubt." *United States v. Lam Kwong–Wah*, 924 F.2d 298, 302 (D.C.Cir.1991). Here, the record contains the direct testimony of the vice officers corroborated by the expert testimony of Officer Stroud, who matched the actions of Gedde and Washington to the typical dynamics of a two-man drug operation. The testimony of the officers establishes all of the necessary elements to prove both offenses. Therefore, we find that the evidence was sufficient to support the convictions.

### III. CONCLUSION

For the foregoing reasons, we hold that the trial court abused its discretion by rejecting Gedde's guilty plea. However, this was the trial court's only error, and it was harmless. Accordingly, we affirm the convictions.

SO ORDERED.