983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Carolyn Y. RUSHING, Appellant.
 No. 92-3087.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 19, 1993.
 
 Before SILBERMAN, BUCKLEY and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's sentence be affirmed. While the drug operation in which appellant was involved may have been minor, the same cannot be said of her participation in that operation. She was a key player in the distribution: she handled both the drugs and the money with which they were purchased. Viewing the record as a whole, the court concludes that there was ample evidence to support the district court's implicit factual findings that appellant's handling of the drugs and money disqualified her from a two-level reduction for minor participation in the offense. See U.S.S.G. § 3B1.2, commentary, note 3; United States v. Caballero, 936 F.2d 1292 (D.C.Cir.1991), cert. denied, 112 S.Ct. 943 (1992); United States v. Williams, 891 F.2d 921 (D.C.Cir.1989). There was also ample evidence to support the district court's implicit factual finding that appellant's escape from the halfway house was willful, and that her offense level should be enhanced by two points for obstruction of justice. See U.S.S.G. § 3C1.1, commentary, note 3(e); United States v. Barry, 938 F.2d 1327 (D.C.Cir.1991). See also United States v. Murdock, 290 U.S. 389, 394 (1933) ("when used in a criminal statute, [the word "willfully"] generally means an act done with bad purpose ... [or] without ground for believing it is lawful"). Finally, given appellant's escape and seven month absence, as well as her plea arrangement, it was not unreasonable for the district court to conclude that she was not entitled to a downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1, commentary, notes 1(h), 3 & 4; United States v. Washington, 969 F.2d 1073, 1081 (D.C.Cir.1992).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.