**Terrence E. BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**Michael Dewon ROSS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Nos. 94–CA–910–MR, 94–CA–911–MR.

Court of Appeals of Kentucky.

Jan. 26, 1996.

Kate Dunn (briefed and argued), Fayette County Legal Aid, Lexington, for Appellant Brown.

Sally Wasielewski (briefed and argued), Fayette County Legal Aid, Lexington, for Appellant Ross.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General (briefed), Frankfort, for Appellee.

Samuel J. Floyd, Jr., Assistant Attorney General (argued), Frankfort, for Appellee.

Before COMBS, DYCHE and SCHRODER, Judges.

DYCHE, Judge.

On October 13, 1993, Terrence Brown and Michael Dewon Ross were apprehended for suspected drug activity near the Westside Plaza in Lexington, Kentucky. At the time of his arrest, Brown had in his possession a loaded semi-automatic handgun, twenty rocks of crack cocaine, $582.00 in cash, a mobile paging unit, rolling papers and false identification. Ross was found with $1,419.00 in cash, a pager and a stolen bicycle.

Brown was charged with first degree trafficking in a controlled substance (KRS 218A.1412), first degree perjury (KRS 523.020), and carrying a concealed weapon (KRS 527.020). Ross likewise was charged with trafficking and perjury and the additional offense of receiving stolen property (KRS 514.110). Appellants both entered pleas of guilty to the perjury charges, for which they each received a sentence of one year.

They were tried together for the remaining infractions, and the jury found them guilty; Brown was sentenced to ten years for trafficking and twelve months for the weapon charge, said sentences to run concurrently with each other but consecutively with the perjury sentence. Ross was sentenced to five years for trafficking and six months concurrent time for misdemeanor receiving stolen property, to run consecutively with his perjury sentence. Brown and Ross appeal.

Both appellants argue that the trial court erred in failing to direct verdicts of acquittal for trafficking in cocaine. Brown insists that the Commonwealth failed to provide evidence of an actual transaction or prove that Brown's possession of the cocaine was for the purpose of sale. Ross concurs in Brown's argument and stresses the fact that no drugs, guns nor paraphernalia were found on his person.

"The trial court is expressly authorized to direct a verdict for the defendant if the prosecution produces no more than a mere scintilla of evidence." *Commonwealth v. Benham,* Ky., 816 S.W.2d 186, 187–188 (1991).

"If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given." *Id.* at 187.

■ Here the Commonwealth produced much more than a mere scintilla. Not only was the quantity of the drugs sufficient to put the matter before the jury (*see Dawson v. Commonwealth*, Ky., 756 S.W.2d 935 [1988] ), but the quality of the drugs tested to be 99.9% pure. Lack of an actual transaction or proof of intent to sell was not fatal to the Commonwealth's case. *See Clay v. Commonwealth*, Ky.App., 867 S.W.2d 200 (1993), *and Jett v. Commonwealth*, Ky.App., 862 S.W.2d 908 (1993). Nor was it necessary for Ross to have drugs on his person. The matters of the weight of the evidence and the credibility of the witnesses were properly submitted to the jury. *Benham, supra.*

■ Appellants' second common theme concerns the testimony of the Commonwealth's witnesses regarding the manufacture of crack cocaine and the matter of appellants working as a team as indicative of drug trafficking. Brown and Ross urge that such evidence was irrelevant and highly prejudicial. We disagree. Kentucky case law recognizes this opinion evidence as admissible as expert testimony. *See Sargent v. Commonwealth*, Ky., 813 S.W.2d 801 (1991); *Clay, supra; and Jett, supra. See also United States v. Jaramillo–Suarez*, 950 F.2d 1378 (9th Cir.1991) (connection between the pager and the crime charged considered a proper inference); *and United States v. Washington*, 969 F.2d 1073 (D.C.Cir.1992), *cert. denied*, 507 U.S. 922, 113 S.Ct. 1287, 122 L.Ed.2d 679 (1993) (no abuse of discretion in allowing testimony of two man drug team). The Commonwealth's evidence was properly admitted.

■ Appellant Ross claims he was entitled to a directed verdict of acquittal on receiving stolen property. The trial court did direct acquittal as a felony, holding that the Commonwealth failed to prove the threshhold amount (the witness having testified that he paid $89.00 for the bicycle). Ross insists that there was no proof that he knew the property was stolen. However, direct proof of knowledge is not required by our statute. KRS 514.110(2) states: "The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen." The owner testified that his bicycle was stolen on the same date it was found in Ross's possession. Furthermore, Ross fled and abandoned the bicycle when the police stopped to speak to him. This was sufficient to submit the charge of receiving stolen property to the jury. *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984), *cert. denied*, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 784 (1985).

■ We finally consider Ross's allegation that the trial court erred in denying Ross's motion to sever. We note that the grounds for severance argued by trial counsel are different from those argued before this Court. Also, it was incumbent upon Ross to demonstrate the likelihood of prejudice to the trial court, which then resulted in the abuse of that court's discretion. *Rachel v. Commonwealth*, Ky., 523 S.W.2d 395 (1975). Instead, the reason for Ross's motion to sever was more akin to a generalized concern for the taint of Brown's deeds. *Skinner v. Commonwealth*, Ky., 864 S.W.2d 290 (1993).

The judgment of the Fayette Circuit Court is affirmed.

All concur.