80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Milton A. HUNTER, Appellant.
 No. 94-3182.
 United States Court of Appeals, District of Columbia Circuit.
 March 12, 1996.
 
 Before: EDWARDS, Chief Judge, and SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and argument of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir. Rule 36(b).
 
 
 2
 The appellant objects to the admission of evidence concerning the cash and small ziplock bags that were found in his apartment along with the weapon; he argues that this "bad act" evidence was inadmissible under Federal Rule of Evidence 404(b) because it was not "necessary" to establish a material fact. See United States v. Bussey, 432 F.2d 1330, 1335 (D.C.Cir.1970). The gravamen of the appellant's defense, however, was that the Government could not show beyond a reasonable doubt that the appellant, and not his companion, had constructive possession of the gun. The ziplocks and cash were offered as circumstantial evidence that Hunter was a drug dealer, which in turn was offered to demonstrate that Hunter had a particular motive--protection of his drug activities--to possess a firearm. The evidence was therefore admitted to show the appellant's intent to possess the gun, which was material to this case and is a permissible purpose under Rule 404(b).
 
 
 3
 The appellant also argues that the district court erred in admitting the evidence because its probative value was "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Based upon the record in this case, however, we are unable to conclude that the district court's decision admitting the evidence was an abuse of discretion. See United States v. Washington, 969 F.2d 1073, 1080-81 (D.C.Cir.1992). This was not a case in which the "bad acts" evidence, "quite relevant on the question of intent, was ... used to bolster a case feeble on other issues by besmirching the character of the accused." United States v. Childs, 598 F.2d 169, 174 (D.C.Cir.1979).
 
 
 4
 Therefore, it is ORDERED and ADJUDGED that the conviction from which this appeal has been taken be affirmed. We vacate the appellant's sentence, however, as the parties have agreed that the district court in this case improperly applied the sentence enhancement for offenders whose previous convictions involved "a violent felony or serious drug offense." 18 U.S.C. § 924(e). The case is hereby remanded for resentencing.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.