11-3918-cr
*United States v. Joselito Vazquez Gomez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                      No. 11-3918-cr

JOSELITO VAZQUEZ GOMEZ,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**                    Mary Elizabeth Mulligan,
                                                Jessica A. Murzyn, Friedman
                                                Kaplan Seiler & Adelman
                                                LLP, New York, NY.

FOR APPELLEE:                                    Jonathan Cohen, Brent S.
                                                 Wible, Assistant United States
                                                 Attorneys, *for* Preet Bharara,
                                                 United States Attorney for the
                                                 Southern District of New
                                                 York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Joselito Vazquez Gomez ("Vazquez Gomez") appeals from a judgment of conviction entered on September 22, 2011, on four counts relating to his use of a false identity. In particular, a jury found Vazquez Gomez guilty of (1) making false statements on a passport application on September 15, 2008, in violation of 18 U.S.C. § 1542; (2) using another person's Social Security number to apply for a passport on September 15, 2008, in violation of 42 U.S.C. § 408(a)(7)(B); (3) using another person's Social Security number to apply for a New York learner's permit on October 16, 2007, in violation of 42 U.S.C. § 408(a)(7)(B); and (4) committing aggravated identity theft in connection with the first and second counts in violation of 18 U.S.C. § 1028A. The District Court sentenced Vazquez Gomez to 45 months' imprisonment and 3 years of supervised release. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal Vazquez Gomez argues that the District Court erred (1) by refusing to accept his guilty plea, thus leading to a greater sentence; (2) by admitting his prior statements absent proof that he voluntarily waived his *Miranda* rights; and (3) by denying his motion to vacate his conviction and grant a new trial. Finally, Vazquez Gomez claims numerous purported errors, including several evidentiary rulings, the government's failure to fully disclose his prior oral statement, and the insufficiency of evidence showing that he knew he was using identifying information belonging to another person. For the reasons stated below, we reject each of these arguments and affirm Vazquez Gomez's conviction.

## DISCUSSION

We review a District Court's rejection of a guilty plea for an abuse of discretion, *see Santobello v. New York*, 404 U.S. 257, 262 (1971), keeping in mind that "[a] district court by definition abuses its discretion when it makes an error of law," *Koon v. United States*, 518 U.S. 81, 100 (1996). "We review a district court's determination regarding the constitutionality of a *Miranda* waiver *de novo* and a district court's underlying factual findings for clear error." *United States v. Carter*, 489 F.3d 528, 534

2

(2d Cir. 2007). We review a District Court's evidentiary decisions, including its admission of defendant statements absent prior governmental disclosure, for an abuse of discretion. *United States v. Thai*, 29 F.3d 785, 804 (2d Cir. 1994). Finally, we review a challenge to the sufficiency of the evidence *de novo*, and we will "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004).

Vazquez Gomez first argues that the District Court erred by not allowing him to plead guilty. He cites cases standing for the proposition that (in his words) "[a] district court may not reject a guilty plea because the defendant refuses to admit facts extraneous to the elements required to prove the offense charged." Appellant's Br. 14 (citing *United States v. Rea-Beltran*, 457 F.3d 695, 701-02 (7th Cir. 2006); *United States v. Washington*, 969 F.2d 1073, 1077-78 (D.C. Cir. 1992)). These cases are beside the point. Whatever limits might apply to a District Court's preallocution search for substantive evidence, the court may surely (for procedural reasons) try to determine the actual name of the defendant. And that is exactly what happened here. The court stated: "I'm going to want to know what his name was at birth. . . . I'm not going to just simply take a plea that satisfies perhaps the tactical requirements of passport fraud without getting the essential information of the defendant before me." The judge was acting well within his discretion to delay acceptance of a plea of guilty until he established the defendant's identity.

Vazquez Gomez next argues that the District Court clearly erred in finding by a preponderance of the evidence that he voluntarily waived his *Miranda* rights prior to giving oral and written statements. We disagree. Federal agents testified at an evidentiary hearing that Vazquez Gomez understood English, consented to have his *Miranda* rights read in English, and stated in English that he understood each of the *Miranda* warnings. The agents also testified that they asked Vazquez Gomez whether he wanted a lawyer and he responded that he did not. The government also presented recordings of telephone calls that Vazquez Gomez made from jail in which he conversed in English. After considering all the evidence, the District Court denied the defendant's motion to suppress, finding "no doubt" that he "had a basic understanding of the questions that make up the *Miranda* warnings." The District Court found the agents' testimony to be credible, and the court also pointed to the recorded telephone calls as demonstrating an understanding of English sufficient to comprehend the *Miranda* warnings. Based on this evidence, the court concluded that "it was the defendant's choice to give the statement he did." After reviewing the record, we are not left with "the definite and firm conviction that a mistake has been committed," *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948), and therefore we will not disturb the District Court's assessment of the agents' credibility and its finding that Vazquez Gomez voluntarily waived his *Miranda* rights.

3

Finally, Vazquez Gomez argues that the District Court erred by denying his motion to vacate his conviction and order a new trial. In that motion Vazquez Gomez argued (1) that the government violated Rule 16 of the Federal Rules of Criminal Procedure by failing to fully disclose his oral confession, (2) that the government had failed to prove beyond a reasonable doubt that he knew that the means of identification he used belonged to a real person, and (3) that the District Court had committed other evidentiary errors. We reject these arguments for substantially the reasons stated in the District Court's order dated March 4, 2011 (and filed March 7, 2011) denying the defendant's motion. Most importantly, the government *did* disclose the most critical part of Vazquez Gomez's prior oral statement when it turned over Agent Payne's interview notes stating, in relevant part: "1999 - paid $500 - knew it was a real number." Given Vazquez Gomez's written statement, which identified his purchase of at least some of the false identification documents in 1999 for $500, Agent Payne's notes alerted the defense to the substance of Vazquez Gomez's admission that he knew he was using the means of identification of a real person.

## CONCLUSION

We have considered all of defendant's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court in its entirety.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4