RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0776-MR

RONALD MCCOY                                                          APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE W.A. KITCHEN, III, JUDGE
ACTION NO. 18-CR-00290-002

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ronald McCoy brings this appeal from a May 14, 2019, Final

Judgment and Sentence of Imprisonment of the McCracken Circuit Court upon a

jury verdict finding McCoy guilty of receiving stolen property and sentencing him

to five-years' imprisonment. We affirm.

In February 2018, a vanity, sink, backsplash, and faucets were stolen from a construction site in Livingston County, Kentucky. Detective Benny Kauffman of the McCracken County Sherriff's Office was working as a subcontractor at the site. He investigated the theft and discovered that an identical vanity and sink were listed for sale on Facebook Marketplace by Jennifer Thomas, who was, in fact, Jennifer King. Detective Kauffman contacted King and expressed an interest in purchasing the items; however, King discovered that Kauffman's phone number belonged to law enforcement. When the police arrived at King's residence in McCracken County, McCoy and King were there. Eventually, the police located the stolen items advertised on Facebook Marketplace on King's property. When questioned by police, King repeatedly changed her version of events. However, Detective Kauffman questioned McCoy, and he admitted to bringing the stolen property to King for her to sell and to suspecting the property was stolen.

The McCracken County grand jury indicted McCoy upon the offense of receiving stolen property over $500 but less than $10,000. A jury trial ensued, and the jury found McCoy guilty of receiving stolen property over $500 but less than $10,000. By a May 14, 2019, Final Judgment and Sentence of Imprisonment, the circuit court sentenced McCoy to five-years' imprisonment. This appeal follows.

McCoy raises one issue in this appeal – he contends the circuit court erred at trial by denying his motions for a directed verdict of acquittal upon receiving stolen property over $500 but less than $10,000.[1]  McCoy maintains that the Commonwealth failed to demonstrate that he either knew the property was stolen or had reason to believe the property was stolen as mandated by Kentucky Revised Statutes (KRS) 514.110(1).  Further, McCoy argues that the Commonwealth failed to demonstrate that he possessed the stolen property under KRS 514.110(2).

To begin, a directed verdict is proper "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).  And, "[a] directed-verdict motion is reviewed in light of the proof at trial and the statutory elements of the alleged offense." *Acosta v. Commonwealth*, 391 S.W.3d 809, 816 (Ky. 2013) (citing *Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011)).

The statutory elements of receiving stolen property are found in KRS 514.110, which reads, in part:

> (1)  A person is guilty of receiving stolen property when he receives, retains, or disposes of movable property of another knowing that it has been stolen, or having reason to believe that it has been stolen, unless the

---

[1] Counsel for Ronald McCoy made a motion for directed verdict at the close of the Commonwealth of Kentucky's case and renewed that motion at the close of McCoy's case.

property is received, retained, or disposed of with intent to restore it to the owner.

(2) The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen.

At issue herein is the element that defendant knew or had reason to believe the property was stolen. At trial, Detective Kauffman testified that McCoy admitted to Detective Kauffman that he took the property to King's residence for sale and that McCoy suspected the property was stolen. This testimony alone is sufficient to demonstrate that McCoy had reason to believe the property was stolen as required by KRS 514.110(1) and to also constitute prima facie evidence that McCoy knew the property was stolen per KRS 514.110(2). *See Brown v. Commonwealth*, 914 S.W.2d 355, 357 (Ky. App. 1996). Simply stated, considering Detective Kauffman's above testimony, it was entirely reasonable for the jury to have found McCoy guilty of receiving stolen property pursuant to KRS 514.110. We note that McCoy did not testify at trial nor did he produce any witness on his behalf to rebut or contradict Detective Kauffman's testimony. Accordingly, we are of the opinion that the circuit court properly denied McCoy's motions for directed verdict.

For the foregoing reasons, the Final Judgment and Sentence of Imprisonment of the McCracken Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Kathleen K. Schmidt        Daniel Cameron
Assistant Public Advocate        Attorney General of Kentucky
Department of Public Advocacy
Frankfort, Kentucky        Stephanie L. McKeehan
        Assistant Attorney General
        Frankfort, Kentucky